# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY KISIEL,<br>    Plaintiff,<br><br>v.<br><br>MELODIE PEET, MICHAEL<br>WOOD, and MARK ROOT,<br>    Defendants. | CIVIL ACTION NO.<br>3:07cv1263 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

Melodie Peet, Michael Wood, and Mark Root (collectively, the defendants) move for reconsideration of the clerk's order denying in part their bill of costs (doc. # 45). They seek to have the following costs, which the clerk did not allow, taxed against the plaintiff, Stanley Kisiel: (1) $1,197.90 for the cost of an original and one copy of Kisiel's deposition transcript, and (2) $695 for the videographer's fee for videotaping Kisiel's deposition. Kisiel has not contested the defendants' motion.

The taxing of costs in this district is governed by Local Rule 54. Local Rule 54(c)(2)(ii) provides:

> The cost of an original and one copy of deposition transcripts are recoverable as costs, . . . if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. Appearance fees of the court reporter and the notary or other official presiding at the deposition, are taxable as costs . . . .

D. Conn. Loc. Civ. R. 54(c)(2)(ii). The defendants extensively used the transcript in their successful summary judgment motion and they filed a timely bill of costs with the clerk after judgment was entered. The defendants' costs of obtaining an original and one copy of Kisiel's deposition transcript are taxable against the plaintiff pursuant to Local Rule 54(c)(2)(ii). An additional $1,197.90 shall be taxed as costs against the plaintiff.

The defendants are not entitled, however, to their claimed costs of videotaping Kisiel's deposition. I acknowledge depositions are commonly videotaped. *Accord Oliphant v. Conn. Dep't of Transp.*, No. 3:02cv700 (PCD), doc. # 337 (D. Conn. June 23, 2008). But the Local Rules do not provide for the taxing of costs for videotaping fees. Although the Local Rules do not address the matter — just as videotaping fees are not deemed taxable as costs under Local Rule 54(c), they are also not excluded as taxable costs under Local Rule 54(c)(7) — I interpret the Local Rules' silence to indicate that videotaping fees cannot generally be taxed as costs against the opposing party. *Accord Christie v. Gen. Elec. Capital Servs., Inc.*, No. 05cv379 (TLM), 2010 WL 3081500, at *1 (D. Conn. Aug. 5, 2010) (concluding that the Local Rules' silence on videotaping fees implies that they are not taxable as costs).

Nothing about the videotaping in this case takes those fees out of this general approach. Unlike the deposition transcripts, which were essential to the defendants' successful motion for summary judgment, the videotaping of Kisiel's deposition had no bearing on the ultimate outcome and judgment in the defendants' favor. And although I accept that the defendants videotaped Kisiel's deposition in good faith — i.e., "in order to capture his demeanor and to fully capture the circumstances surrounding the proceedings," and not "solely to harass or otherwise inconvenience" the plaintiff, Defs.' Mot. for Reconsideration 3 — the defendants' sincere intentions do not outweigh the omission from the Local Rules of any provision mandating those fees be taxable as costs. The clerk was correct to deny the claim for $695 in videotaping costs.

The defendants' motion for reconsideration (doc. # 46) is granted in part and denied in part. The clerk is instructed to tax $1,197.90 against the plaintiff for the costs of an original and one copy of Kisiel's deposition transcript.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of February 2011.

                                                                                                        /s/ Stefan R. Underhill  
                                                                                                          Stefan R. Underhill  
                                                                                                       United States District Judge